# Nos. 16-4091, 16-4098

# United States Court of Appeals for the Tenth Circuit

───────────────────────────────────

Utah Republican Party,

*Plaintiff-Appellant*,

Utah Democratic Party,

*Plaintiff Intervenor*,

v.

Spencer J. Cox, in his official capacity as Lieutenant Governor of Utah

*Defendant-Appellee*

───────────────────────────────────

Appeal from the United States District Court for the District of Utah
Civil Case No. 2:16-cv-00038 (Judge David Nuffer)

───────────────────────────────────

# Motion to Extend Deadline for Filing Petition for Rehearing and Rehearing *En Banc*

───────────────────────────────────

To the Clerk of the U.S. Court of Appeals for the Tenth Circuit:

Appellant Utah Republican Party moves to extend the deadline for the rehearing petition in this case for fifteen days, from April 3, 2018 to April 18, 2017. Counsel for Appellee Spencer J. Cox and Intervenor Utah Democratic Party have indicated they do not oppose this request. As explained below, the forthcoming petition will invite this Court to correct

a divided panel opinion that severely limited the Appellants' First Amendment associational and expressive rights. Moreover, Appellant recently retained new counsel for these proceedings. Given both the complexity of the case and counsel's other obligations, new counsel will need the additional fifteen days allowed by this Court's rules to prepare a petition that adequately briefs this important matter.

1.  As Judge Tymkovich noted, much like a Catholic parish's (or any other church's) selection of religious officers, the Utah Republican Party's selection of candidates is controlled by internal operating procedures. Dissenting Opinion at 15. The Utah Legislature obviously could not require an election by parish *members* to select parish leaders. *Id.*; *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171 (2012). While a religious body is obviously different from a political party, as expressive associations they are entitled to analogous First Amendment protections. *See, e.g.*, *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000); *Cal. Democratic Party v. Jones*, 530 U.S. 567 (2000); Dissenting Opinion at 17–18. And any intrusion into a political party's selection processes is of special First Amendment concern where the law has the potential to "produce[] 'nominees and nominee positions other

2

than those the part[y] would choose if left to [its] own devices.'" Dissenting Opinion at 17 (quoting *Jones* 530 U.S. at 582) (second and third modifications in original).

SB54 does just that. By effectively requiring that the Utah Republican Party have a primary process as well as a caucus, SB54 enables a candidate who has failed to win under the caucus procedure required by the Party's own rules to be the party's *representative* in the general election.[1] Indeed, this was part of the legislature's goal. See Dissenting Opinion at 30–31. And, as Judge Tymkovich's dissent repeatedly points out, that intrusion into the Party's selection processes necessarily affects the Party's public messages. *Id.* at 14, 16-17.

Counsel thus intends to present at least the following question for *en banc* review:

> Does the First Amendment permit a government to require an objecting political party to select its candidates through a primary rather than a caucus system, for the purpose of changing the

---

[1] See, e.g., Lisa Riley Roche, *Curtis declared winner, but Herrod not ready to concede,* Deseret News, Aug. 15, 2017, https://www.deseretnews.com/article/865686881/Curtis-leads-Herrod-Ainge-in-3rd-District-race-as-polls-close.html.

characteristics and/or views, and hence the messages, of the candidates who will represent the party in a general election?

2. To prepare this petition effectively, counsel needs additional time. Counsel was retained within the past very few days, and needs adequate time to study the briefing and record in this case, study the law of various sister circuits, and then prepare the petition.

Moreover, counsel already has obligations that must be attended to concurrent with preparation of the petition here. For example:

- Counsel is preparing to file on April 4 an amicus brief in the Supreme Court case *South Dakota v. Wayfair* on behalf of a group of U.S. Senators and Congressmen.
- Counsel is preparing to file a petition for certiorari in the Supreme Court on April 4, 2018. That case, *Spencer v. Abbott*, involves complex questions regarding both the Eighth Amendment and qualified immunity.
- Counsel is preparing a reply brief in the Fourth Circuit case *Kerpen v. Metropolitan Washington Airports Authority*, No. 17-1735, due on April 16.

To avoid compromising counsel's other professional commitments—and to enhance the quality of the petition in this case—counsel respectfully requests an extension of time to file a petition for rehearing and rehearing *en banc* until April 18, 2018.

Respectfully Submitted,

GENE C. SCHAERR
 *Counsel of Record*
MICHAEL T. WORLEY
SCHAERR | DUNCAN LLP
1717 K Street NW, Suite 900
Washington, DC  20006
(202) 787-1060
gschaerr@schaerr-duncan.com

*Attorneys for Utah Republican Party*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify counsel for Appellee Spencer J. Cox and Plaintiff-Intervenor Utah Democratic Party.

*/s/ Gene C. Schaerr*

*Attorney for Utah Republican Party*

## CERTIFICATE OF DIGITAL COMPLIANCE

I, Gene C. Schaerr, certify that, in relation to the Motion to Extend Deadline for Filing a Petition for Rehearing filed in *Utah Republican Party v. Cox*, Nos. 16-4091 and 16-4098, that:

(1) all required privacy redactions have been made (see 10th Cir. R. 25.5), (2) any required paper copies to be submitted to the court are exact copies of the version submitted electronically (see ECF User Manual, Section II, Policies and Procedures for Filing Via ECF, Part I(b), pages 11-12) and, (3) the electronic submission was scanned for viruses with the most recent version of a commercial virus scanning program, and is free of viruses (see ECF User Manual, Section II, Policies and Procedures for Filing Via ECF, Part I(b), pages 11-12).

*/s/ Gene C. Schaerr*

*Attorney for Utah Republican Party*
